UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY RUSSELL,
ROGER RUSSELL, and
MARY HALL,
Plaintiffs,
-vs.-

Case No. 1:10-cv-01224
Hon. Chief Judge Paul L. Maloney

GOLDMAN ROTH ACQUISITIONS, LLC
a foreign limited liability company and
ROBERT VAIDEN a/k/a WILLIAM KRAMER,
jointly and severally,
Defendants.

_____

PLAINTIFFS' REPLY
TO DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

I. INTRODUCTION

Defendant Goldman Roth Acquisitions, LLC ("GRA"), has been defaulted in this matter, and cannot contest liability by Order of this Honorable Court. Accordingly, the foregoing Reply addresses only those arguments raised by Mr. Vaiden's Response in Opposition to the instant Motion.

II. LAW AND ARGUMENT

1. Mr. Vaiden's Communications Did Run Afoul of 15 U.S.C. 1692c

Tammy Russell is clearly a consumer under 15 U.S.C. 1692c. Mr. Vaiden admits that this case arises out of efforts to collect a debt owed by Roger Russell, Tammy Russell's husband. A spouse is expressly included within the definition of a "consumer" under 15 U.S.C. 1692c(d), which states that "[f]or the purpose of [§1692c ], the term "consumer" includes the consumer's

spouse, parent (if the consumer is a minor), guardian, executor, or administrator." In fact, Mr. Vaiden argues that he was permitted to communicate with Tammy Russell concerning the debt allegedly owed by her husband, citing 15 U.S.C. 1692c(d). Mr. Vaiden cannot have it both ways. Tammy Russell is clearly a "consumer" under 15 U.S.C. 1692c.

Mary Hall, however, need not fall within the definition of a consumer, as Mary Hall's claims are not based on 15 U.S.C. 1692c. In *Montgomery v Huntington Bank*, the Court of Appeals explained while only a "consumer" has standing to sue for violations under 15 U.S.C. 1692c, "the most restrictive of the FDCPA's provisions. The other provisions are not limited to 'consumers,' and thus are broader than § 1692c." 346 F.3d 693 (6th Cir. 2003) (citing *Wright v Fin. Serv. Of Norwalk, Inc.*, 22 F.3d 647, 649 n. 1 (6th Cir. 1994)). Plaintiffs' Motion in no way argues that the Defendants violated Ms. Hall's rights under 15 U.S.C. 1692c, and makes clear that Ms. Hall's claims are brought pursuant to 15 U.S.C. 1692d; which prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

Nevertheless, it is important to reiterate that debt collectors, such as the Defendants, are prohibited from communicating "with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector," except to acquire location information about the consumer, absent "the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy." 15 U.S.C. 1692c(b). Here, Mr. Vaiden has failed to come forth with any evidence showing that the Defendants were given permission to contact any third parties, as no such evidence exists, and the Defendants were not acting to effectuate a

postjudgment judicial remedy in this case. Accordingly, the Defendants were only permitted to contact third parties to acquire location information about the Russells. See 15 U.S.C. 1692c(b). The Defendants, however, had no reason to acquire location information about the Russells, because the Defendants knew the Russells' whereabouts.

The Defendants were in direct communication with Tammy Russell, who had voluntarily returned the Defendants' telephone calls, and never even attempted to contact Roger Russell. When Mrs. Russell failed each and every one of the Defendants' constant telephone calls, still reeling from the severe brain injury suffered by her teenage son, the Defendants, including Mr. Vaiden, immediately began calling the consumers' friends, relatives, neighbors and business associates; not to acquire Mrs. Russell's location information, but to annoy, abuse, oppress and harass Mrs. Russell's into bending to their will. Mr. Vaiden had no legitimate reason to contact Mrs. Russell's mother (Mary Hall), daughter (Nicole Russell), former step-mother (Candy Hall), business associate (Missy Gelderbloom), neighbors (Katie Van Dunin and Jacques Henning), or old high school friend (Rae Lynn Rusco). The mere fact that Mr. Vaiden contacted the Russells' neighbors shows that he was not seeking location information about the consumers, which was the only purpose the Defendants were permitted to contact third parties.

While Mr. Vaiden argues that Mr. Russell's claims under 15 U.S.C. 1692c fail because the Defendants were authorized to communicate with his wife, Tammy Russell, pursuant to 15 U.S.C. 1692c(d), Defendant conveniently ignores his unlawful communications with Mr. Russell's mother-in-law (Mary Hall), daughter (Nicole Russell), former step-mother-in-law (Candy Hall), and neighbors (Katie Van Dunin and Jacques Henning), while also ignoring his communications with Tammy Russell's business associate (Missy Gelderbloom) and old high school friend (Rae Lynn Rusco) concerning the alleged debt.

Mr. Vaiden's reliance upon 15 U.S.C. 1692a(6)(F)(iii) is dubious at best. 15 U.S.C. 1692c(b) provides that "a debt collector may not communicate, **in connection with the collection of any debt, with any person other than the consumer**, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector," except to acquire location information. (Emphasis added). It is simply irrelevant whether Mr. Vaiden contacted the Russells' friends, relatives and neighbors concerning the debt allegedly owed by Mr. Russell or the alleged NSF payments made by Mrs. Russell; as the Defendants conduct violates 15 U.S.C. 1692c(b) under either scenario, which prohibited the Defendants from contacting third parties "in connection with the collection of any debt, with any person other than the consumer."

### 2. Vaiden Harassed, Oppressed and Abused the Plaintiffs in Violation of 15 U.S.C. § 1692d

Contrary to Mr. Vaiden's efforts to narrow the scope of the Plaintiffs' claims under 15 U.S.C. 1692d to "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number," Defendants' campaign of telephone terrorism does not fall neatly within the items listed in the statute, which speaks to all "conduct the natural consequences of which are to harass, oppress or abuse." 15 U.S.C. 1692d.

The Defendants, including Mr. Vaiden, contacted anyone and everyone they could find who were associated with Tammy and Roger Russell, despite being in regular contact with Mrs. Russell and knowing exactly where she and her husband could be found. This begs the question as to why the Defendants were contacting third parties concerning Mr. Russell's alleged debt, since the acquisition of location information is the only reason the Defendants in this case would

be permitted to contact third parties; a question Mr. Vaiden conveniently avoids. Instead, Defendant, through counsel, suggests that such actions were the result of "difficulty reaching Plaintiffs, rather than an intent to harass."

In support of this unattested argument, Defendant relies upon *Udell v Kansa Counselors, Inc.*, and its progeny. 313 F. Supp. 2d 1135 (D. Kan. 2004). However, the conduct of the defendant in *Udell* pales in comparison to the outrageous conduct of the Defendants in this case. In *Udell*, the debt collector made four telephone calls to the plaintiff over a seven day period without leaving a message. 313 F. Supp. 2d 1143-44. Here the Defendants often called the Plaintiffs multiple times in a single day, one call after another. (See Ex. 14 attached to Plaintiffs' Motion).

Defendant also relies upon *Milsap v CCB Credit Services, Inc.*, which cites *Udell* in stating that "a debt collector does not necessarily engage in harassment by placing one or two unanswered calls a day in an unsuccessful effort to reach the debtor, if this effort is unaccompanied by any oppressive conduct such as threatening messages." 07-11915, 2008 U.S. Dist. LEXIS 110149 (E.D. Mich. Sept. 20, 2008). Again, the Defendants in this case often called the Plaintiffs multiple times in a single day, one call after another, which were accompanied by the Defendants oppressive and harassing practice of contacting anyone associated with the Russells to paint them as deadbeats. (See Ex. 14).

Here, the frequency of the Defendants calls far exceeded the four calls made over the course of a week in *Udell*, and were accompanied by a host of oppressive conduct on the part of the Defendants in contrast with *Milsap*. In this case, the Defendants continuously called the Plaintiffs, along with the Russells' friends, relatives, neighbors, and business associates, despite

knowing that the Russells' teenage son, Jordan Russell, was recovering from a serious, football related, brain injury and being fully aware of the Russells' whereabouts.

Mr. Vaiden's efforts to sanitize his conduct, by focusing on the frequency of telephone calls while ignoring the nature and context of those calls, is to be expected given his extreme conduct in this case. However, the deposition testimony of the Plaintiffs, along with the deposition testimony of Nicole Russell, Melissa Geldebloom, and Rae Lynn Rusco, paints a vivid picture of that which Mr. Vaiden conveniently omits. (See Ex. 5, 7, 8, 10, 11 and 12).

### 3. Mr. Vaiden Made False and Misleading Representations in Violation of 15 U.S.C. § 1692e

The Defendants in this case were attempting to collect on an alleged debt that is time barred. (See Ex. 4 attached to Plaintiff's Motion). Nevertheless, the Defendants, including Mr. Vaiden, represented to the Plaintiffs that the alleged debt was valid and enforceable, which is false, in an attempt to mislead the Plaintiff's into paying the alleged debt.

Seeking collection on a time-barred debt constitute false and misleading representations in violation of 15 U.S.C. 1692e, which prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." See *Goins v JBC & Assocs., P.C.*, 352 F. Supp. 2d 262 (D.C. Conn. 2005), and *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383 (D.C. Dela. 1991).

Here, the Defendants allege that Mr. Russell is obligated to pay for furniture ordered from Art Van Furniture, Inc., in Kentwood, Michigan, on September 3, 1993. (See Ex. 4). Under Michigan law, "[n]o person may bring or maintain any action to recover damages or sums due for breach of contract, or to enforce the specific performance of any contract unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action

within" six years. M.C.L. 600.5807. Accordingly, the Defendants were required to file an action to recover on the debt Mr. Russell allegedly owes Art Van Furniture, Inc., on or before September 3, 1999; over 12 years ago. Clearly, the Defendants are seeking to collect on a debt that is time-barred, in violation of 15 U.S.C. 1692e.

### 4. The Defendants Violated 15 U.S.C. 1692g By Failing to Validate the Debt Allegedly Owed by Mr. Russell

Debt collectors are required validate debts they seek to collect pursuant to 15 U.S.C. 1692g, which provides:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

This mandatory procedure allows the consumer to depute the debt as provided under 15 U.S.C. 1692g(b).

Here, the Defendants failed to send <u>any</u> written correspondence to the Russells, let alone written notice in compliance with 15 U.S.C. 1692g(a). Mr. Vaiden now argues that he is not liable for the utter failure of his employer, GRA, to send the required notice, in clear violation of 15 U.S.C. 1692g. However, Mr. Vaiden's argument is without merit, and contradicts the express provisions of the FDCPA.

It is important to note that the requirements of 15 U.S.C. 1692g(a) apply to any "debt collector." 15 U.S.C. 1692a(6) provides that:

> [t]he term "debt collector" means <u>any person who uses any instrumentality of interstate commerce</u> or the mails <u>in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another</u>. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6) [15 U.S.C. 1692f(6)], such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—
>
> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
>
> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
>
> (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;
>
> (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;
>
> (E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and
>
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental

> to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

(Emphasis added).

Mr. Vaiden is a "debt collector" under the FDCPA, just as his employer, GRA, is a debt collector under the Act. Mr. Vaiden is a person who uses the instrumentalities of interstate commerce (i.e. telephone communications) in GRA's business, the principal purpose of which is the collection of debts, and Mr. Vaiden regularly attempts to collect debts asserted to be owed to others (i.e. Art Van Furniture, Inc.). See 15 U.S.C. 1692a(6). By assuming the role of a "debt collector," Mr. Vaiden brought himself within the provisions of the FDCPA, including the requirement that he provide written notice to consumers pursuant to 15 U.S.C. 1692g(a).

Mr. Vaiden cites no authority in support of his argument that he is somehow exempt from the notice requirements of 15 U.S.C. 1692g(a), and Plaintiffs are aware of no such authority. Congress did not intend to allow debt collectors to side-step the notice requirement set forth under 15 U.S.C. 1692g(a), by claiming that some other unidentified person or entity is charged with providing such notice; as evidenced by the plain and unambiguous language of the FDCPA.

### III. CONCLUSION

There is no legitimate dispute that Mr. Vaiden violated the Plaintiffs' rights under the Fair Debt Collection Practices Act, a statute which was designed to govern the conduct of third party debt collectors and curb the abuses that have given the industry a checkered history. Therefore, Plaintiffs are entitled to the entry of summary judgment in their favor and against Mr. Vaiden.

                                Respectfully submitted,

December 6, 2011                /s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com